INHABITANTS OF RAYMOND, appellants,

*vs.*

COUNTY COMMISSIONERS OF CUMBERLAND COUNTY.

*When a technical objection is waived.*

A committee appointed by this court to determine an appeal from the decision of the county commissioners locating a way should, properly, be sworn before fixing upon a time and place for hearing the parties; but if the oath is not taken until the time for the hearing arrives, this objection must be then made, or it will be considered as waived. It comes too late, after they make their report.

In cases of this kind, the court will presume that the party objecting had knowledge of the ground of objection, at the time it occurred, unless the contrary is shown.

ON EXCEPTIONS.

The appellants appealed to this court from the decision of the county commissioners of this county making certain alterations in the highway leading from Webb's Mills in Casco through Raymond, upon petition of S. S. Brown and fifty-two others, which is recited in the next reported case, upon another issue between these same parties. A committee was appointed who reported that the judgment of the commissioners should be affirmed. The appellants objected to this report because the committee were not sworn until the time arrived which they had designated for hearing the parties. The presiding justice overruled this objection and ordered an acceptance of the report, to which the appellants excepted.

*Cobb & Ray*, for the appellants, cited, R. S., c. 18, § 38; *Assessors of Clifton*, petitioners, &c., 33 Maine, 369; *Commonwealth* v. *Coombs*, 2 Mass., 489.

*W. H. Vinton*, for the appellees.

WALTON, J. The objection that the committee was not sworn before giving notice of the time and place of hearing comes too late. Objections of a purely technical character, and which, like pleas in abatement, do not go to the merits of the case, must be made at the earliest practicable opportunity, or they will be regarded as waived. Objection to a juror, (11 Pick., 468 ; 2 Gray, 281,) or a referee, (10 Pick., 275,) or a county commissioner (10 Pick., 519,) or a juror to assess damages sustained by the location or discontinuance of a highway, (2 Metc., 558,) or an officer appointed to preside before a sheriff's jury, (11 Pick., 269,) or the members of a committee to locate a road, (30 N. H., 23,) must be made before a trial is had, if then known, or it will be regarded as waived. The reason given in all the cases is substantially the same, namely, that a party shall not take the chance of obtaining a decision in his favor, without being bound by the result if the decision is against him.

And in cases of this kind the court will presume knowledge on the part of the party objecting, unless the contrary is shown.

It may be true that regularly the committee should have been sworn before giving notice of the time and place of meeting ; because the giving of notice is an official act, and like all their official acts, should be upon their official oaths. But of what consequence was it to these appellants? Surely an unofficial, or informal notice, cannot be worse than no notice at all. And inasmuch as the appellants actually appeared before the committee and had a hearing, they would be in no condition to object, if no notice at all had been given. That is, at this stage of the proceedings. If no notice at all had been given; or if the notice given was informal and unofficial, because given before the committee was sworn; and the objection had been seasonably made, it might have been fatal to the proceedings. But inasmuch as the error, if any, existed before the trial; and in the absence of any averment or proof to the contrary, the appellants are presumed to have had knowledge of its existence ; and they did not then make the objection, but went to trial and took the chance of obtaining a decis-

ion in their favor, it is now too late to make that error the ground of setting the decision aside.

The other objection—namely, that the county commissioners had no jurisdiction under the petition which was the basis of their action, and therefore the court had no authority to appoint the committee, is not insisted upon by the excepting party, and need not, therefore, be considered further than to say that in the opinion of the court the objection is not well founded.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS and DANFORTH, JJ., concurred.